UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAS LEDESMA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. CV 19-04616-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On May 28, 2019, Isaias Ledesma ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. (Dkt. 1.) The Commissioner filed an Answer on September 11, 2019. (Dkt. 16.) On November 27, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 18.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 66 year-old male who applied for Social Security Disability Insurance benefits on May 5, 2015, alleging disability beginning July 20, 2013. (AR 15.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 20, 2013, the alleged onset date. (AR 17.)

Plaintiff's claim was denied initially on October 27, 2015, and on reconsideration on February 1, 2016. (AR 15.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Donna M. Montano on December 19, 2017, in Pasadena, California. (AR 15.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 15.) Vocational expert ("VE") Valerie Williams also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on May 14, 2018. (AR 15-23.) The Appeals Council denied review on March 28, 2019. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly rejected Ledesma's statements concerning pain, symptoms, and level of limitation when assessing Ledesma's residual functional capacity.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since July 20, 2013, the alleged onset date. (AR 17.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairment: spine disorder. (AR 18-19.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 19-20.)

The ALJ then found that Plaintiff has the RFC to perform medium work as defined in 20 CFR § 404.1567(c) except Claimant can only occasionally crawl, push, and pull. (AR 20-22.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 21.)

At step four, the ALJ found that Plaintiff is able to perform his past relevant work as a restaurant manager as actually and generally performed and as a food service director as generally performed. (AR 22-23.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 23.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ did not err in discounting Plaintiff's subjective symptom allegations. The ALJ's RFC is supported by substantial evidence.

### A. Background

Plaintiff alleges that he is unable to work due to a spine disorder, hyperlipidemia, hypertension, syncope, carpal tunnel syndrome, depressive disorder, and anxiety disorder. (AR 18.) The ALJ did find that Plaintiff's spine disorder was a medically determinable severe impairment. (AR 18.) The ALJ, however, found that Plaintiff's hyperlipidemia, hypertension, syncope, carpal tunnel syndrome, depressive disorder, and anxiety disorder are not severe. (AR 18.) Plaintiff does not challenge the ALJ's step two severity findings. Notwithstanding Plaintiff's spine disorder impairment, the ALJ assessed Plaintiff with a reduced range medium RFC (AR 20) and thus concluded Plaintiff was not disabled from the July 20, 2013 alleged onset date through the date of decision on May 14, 2018. (AR 23.)

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom allegations. The Court disagrees.

### B. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence,

including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**C.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 21.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely consistent" with the medical evidence and other evidence of record. (AR 21.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence or

discounting Plaintiff's subjective symptom allegations.  Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008).  The ALJ did so.

1. Medical Evidence

First, the ALJ found that Plaintiff's subjective symptom allegations were inconsistent with the objective medical evidence.  (AR 21.)  An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptom allegations.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).  Here, Plaintiff suffered a workplace injury to his back in June 2010 and underwent a micro discectomy in July 2011.  (AR 21.)  Plaintiff continued to work after the injury without restriction until his surgery.  (AR 21.)  He was placed on temporary disability for only 30 days after the surgery.  (AR 21.)  By November 2011, Plaintiff was authorized to return to work without restrictions and referred for post-operative physical therapy.  (AR 21.)  He worked until July 2013.  (AR 38.)  The ALJ concluded that Plaintiff's allegedly disabling impairment was present at the same level of severity prior to the alleged onset date.  (AR 21.)  He also determined that the fact Plaintiff's impairment did not prevent him from working after his surgery through the alleged onset date indicates it would not do so now.  (AR 21.)

Plaintiff contends that his condition has worsened, but the medical evidence does not support this contention.  The ALJ found at step two of the sequential process that all of Plaintiff's impairments other than his spine condition were non-severe.  (AR 18.)  A September 2015 orthopedic consulting examination by Dr. Richard Pollis was normal except for muscle tenderness, spasm, and slightly reduced range of motion in thoracolumnar spine and tenderness and spasm in the neck.  (AR 21, 823-828.)  He had normal gait, did not need an assistive device to ambulate, full pain free range of motion in the upper and lower extremities, and normal motor strength, sensation, and reflexes in the upper and lower extremities.  (AR 21.)  Dr. Pollis assessed a medium work RFC.  (AR 22, 828.)  A June 2016 physical examination by Dr. Zhu was unremarkable with normal gait and 5/5 motor strength in the upper and lower extremities.  (AR 21.)  A June 2016 MRI of the cervical spine revealed only mild to

moderate central canal stenosis and moderate to severe foraminal narrowing. (AR 21.) An October 2017 physical examination found normal full range of musculoskeletal motion and only diminished sensation in the bilateral thumbs and index fingers. (AR 21, 1180.) State agency reviewing physicians also assessed medium work RFCs. (AR 22.) There is no medical source statement from an examining or treating physician endorsing the extent of Plaintiff's alleged functional limitations. (AR 21.)

Plaintiff invokes the opinion of his mental health nurse practitioner Andrea Sczerney who stated Plaintiff has moderate limitations in carrying out instructions, interacting with others, and responding appropriately to changes in a routine work setting. (AR 19.) The ALJ gave no weight to this opinion because Ms. Sczerney is not an acceptable medical source. (AR 19.) As already noted, the ALJ found that Plaintiff's mental health limitations were not severe. (AR 18-19.) The ALJ based this finding on the opinions of State agency psychologists and the consulting psychiatric examiner. (AR 18.) The September 2015 evaluation by consulting psychiatric examiner Dr. Stephen Simonian was unremarkable (AR 18, 829-833), with none to mild limitations. (AR 833.) Plaintiff does not discuss or even acknowledge these medical opinions that Plaintiff's mental health limitations are not severe.

Plaintiff disagrees with the ALJ's evaluation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ properly considered the medical evidence.

### 2. Conservative Treatment

The ALJ also found that Plaintiff had received routine and conservative treatment. (AR 22.) An ALJ may consider conservative treatment in evaluating credibility. Tommasetti, 533 F.3d at 1039. Plaintiff admitted he does not take strong medications and is able to manage his

pain with Ibuprofen 800 mgs and ice packs. (AR 22, 43, 50.) He also received post-operative physical therapy after his back surgery. (AR 21.)

### 3. Daily Activities

The ALJ determined that Plaintiff's daily activities were inconsistent with disabling limitations, which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. The ALJ found that Plaintiff has engaged in a somewhat normal level of daily activity. (AR 19.) Plaintiff admitted he drives a car, goes out alone, grocery shops, and travels frequently between Mexico and Los Angeles. (AR 19.) Plaintiff does not respond to these facts.

\* \* \*

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

\* \* \*

The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: April 7, 2020            */s/ John E. McDermott*
                                                   JOHN E. MCDERMOTT
                                        UNITED STATES MAGISTRATE JUDGE